NO. 07-09-0115-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 25, 2009
______________________________

JAMES WARREN BRIGHT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 16,336; HONORABLE KELLY G. MOORE, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ON MOTION TO DISMISS
Â Â Â Â Â Â Â Â Â Â Pending before this court is appellantâs motion to dismiss the appeal of his
underlying case brought under Chapter 64 of the Code of Criminal Procedure. Tex. Code
Crim. Proc. Ann. articles 64.01-64.05 (Vernon 2006 & Supp. 2009). Appellant, appearing
pro se, signed the motion. Tex. R. App. P. 42.2(a). No decision of this court having been
delivered to date, we grant the motion. Accordingly, the appeal is dismissed. No motion
for rehearing will be entertained and our mandate will issue forthwith.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Do not publish. 





"false" Name="Table Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00073-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE SEVENTH DISTRICT OF TEXAS

Â 

AT AMARILLO

Â 

PANEL D

Â 



APRIL 20, 2010

Â 



Â 

TEDRICK
WATTERS, APPELLANT

Â 

v.

Â 

THE STATE OF
TEXAS, APPELLEE 



Â 



Â 

 FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

Â 

NO. A17719-0808;
HONORABLE EDWARD LEE SELF, JUDGE



Â 



Â 

Before QUINN, C.J., and CAMPBELL and
PIRTLE, JJ.

Â 

Â 

ORDER
OF ABATEMENT AND REMAND

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Appellant Tedrick Watters appeals the
revocation of his community supervision.Â 
We will abate the appeal and remand the case to the trial court for
proceedings consistent with this order.

Â Â Â Â Â Â Â Â Â Â Â  The following facts drawn from the
clerkÂs record and our record are pertinent to this order. Â Trial counsel was appointed for appellant on a
finding of indigence on January 20, 2010.Â 
Counsel filed a notice of appearance on January 29.Â  AppellantÂs sentence was imposed February 12,
2010.Â  The trial court certified the case
was a plea bargain and appellant had no right of appeal except as to the
revocation order.Â  The record contains no
order relieving counsel of her duties.[1]Â  Appellant filed a pro se notice of appeal on March 1.Â 
According to the trial court clerkÂs information form, appellant is Âunable
to pay costs on appealÂ but the form further indicates appellant appears pro se.[2]Â  The clerkÂs record
was filed April 14. Â We note from our
record that appellant has not filed the docketing statement required by Rule of
Appellate Procedure 32.2 despite notice from the clerk of this court.Â  On April 12, the reporter filed a request for
extension of time to file the reporterÂs record on the grounds that appellant
has not submitted a request for preparation or written designation for the
record and has not made arrangements to pay for the record.Â  

Â Â Â Â Â Â Â Â Â Â Â  We now abate the appeal and remand
the case to the trial court for further proceedings.

On
remand, the trial court is directed to immediately notice and conduct a hearing
to determine: 

1.Â Â Â  whether
good cause exists to relieve appointed counsel of her duties;

2.Â Â Â  whether
appellant still wishes to pursue this appeal;

3.Â Â Â  whether
appellant is indigent;

4.Â Â Â  whether
appellant has retained counsel to prosecute this appeal; and

5.Â Â Â  if appellant is indigent, whether he is entitled to
appointed counsel on appeal Â Â Â and a free
appellate record.

Â 

Â Â Â Â Â Â Â Â Â Â Â  We further direct the trial court to
issue findings of fact and conclusions of law addressing the subjects
numerically itemized above. Â If, on a
finding of good cause, the trial court relieves counsel of her duties, finds appellant
desires to pursue his appeal, finds appellant is without legal representation,
and finds appellant is indigent, then we direct the trial court to appoint
counsel to assist in the prosecution of the appeal and to order a record of the
trial court proceedings be provided to appellant free of charge. Â The name, address, telephone number, telefax
number, and state bar number of the counsel who will represent appellant on
appeal must also be included in the trial courtÂs findings of fact and
conclusions of law. Â Furthermore, the trial
court shall cause to be developed 1) a supplemental clerkÂs record containing
the findings of fact and conclusions of law and all orders of the trial court
issued as a result of its hearing on this matter and 2) a reporterÂs record
transcribing the evidence and argument presented at the hearing on this matter.
Â Additionally, the trial court shall
cause the supplemental record to be filed with the clerk of this court on or
before May 21, 2010. Â Should additional
time be needed to perform these tasks, the trial court may request same on or
before May 21, 2010.

If
the trial court finds appellant desires to pursue his appeal and is entitled to
a free record on appeal, the reporterÂs record shall be filed with the clerk of
this court within thirty days of the date the supplemental record directed by
this order is filed.Â  Should the trial
court find appellant desires to pursue his appeal but is not entitled to a free
record, the reporterÂs record shall be filed with the clerk of this court
within thirty days of the date the supplemental record directed by this order
is filed, subject, however, to appellantÂs compliance with the requirements of
Rule of Appellate Procedure 35.3.Â  Tex.
R. App. P. 35.3.Â  Additional deadlines
shall fall in accordance with the appellate rules.Â  See
Tex. R. App. P. 38.6.

It is so ordered.

Â 

Per Curiam

Do not publish.











[1] By accepting appointment
to represent an indigent defendant, counsel undertakes the duty to represent
the defendant until charges are dismissed, the defendant is acquitted, appeals
are exhausted, or counsel is relieved of her duties by the court or replaced by
other counsel after a finding of good cause is entered on the record. Â Tex. Code Crim. Proc. Ann.
art. 26.04(j)(2) (Vernon Supp. 2009). Â 





[2] The form does not indicate whether the inability to
pay costs was a finding of the trial court or an assertion of appellant.